Rudolf BROWN, Petitioner–Appellant,

v.

David MILLER, Superintendent of Eastern Correctional Facility, Respondent–Appellee.

No. 05–5014–PR.

United States Court of Appeals, Second Circuit.

June 7, 2006.

Claudia S. Trupp, Center for Appellate Litigation (Robert S. Dean, on the brief), New York, NY, for Appellant.

Alyson J. Gill, Assistant Attorney General (Eliot Spitzer, Attorney General of the State of New York; Daniel Smirlock, Deputy Solicitor General; and Robin A. Forshaw, Deputy Solicitor General for Criminal Matters, on the brief), New York, NY, for Appellee.

Present JOSÉ A. CABRANES, SONIA SOTOMAYOR and REENA RAGGI, Circuit Judges.

### SUMMARY ORDER

Petitioner-appellant Rudolf Brown appeals from a judgment of the district court denying his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254.

Petitioner challenges his state-court conviction on the ground that he was (1) denied the right to present a witness in his defense in violation of the Compulsory Process Clause of the Sixth Amendment, (2) denied his Sixth Amendment right to the effective assistance of counsel, and (3) sentenced in violation of his Sixth Amendment right to a jury trial in light of the Supreme Court's opinion in *Ring v. Arizona*, 536 U.S. 584, 122 S.Ct. 2428, 153 L.Ed.2d 556 (2002). We address Brown's first two claims in this summary order and his sentencing challenge in an accompanying opinion. We assume the parties' familiarity with the facts of this case, its relevant procedural history, and the issues on appeal.

## I. *Compulsory Process*

The Supreme Court has held that a trial court may exclude an alibi witness's testimony where notice was untimely if counsel's explanation for failing to provide timely notice "reveals that the omission was willful and motivated by a desire to obtain a tactical advantage that would minimize the effectiveness of cross-examination and the ability to adduce rebuttal evidence." *Taylor v. Illinois*, 484 U.S. 400, 415, 108 S.Ct. 646, 98 L.Ed.2d 798 (1988). Brown claims that the Appellate Division's ruling unreasonably applied *Taylor* because the trial court precluded Veronica Darden's testimony without finding that counsel had acted willfully and notwithstanding counsel's explanation that he had initially believed that Darden, "in a very technical sense," would not be an alibi witness.

Respondent argues first that Brown's claim is procedurally barred because Brown did not object at trial to the preclusion of Darden's testimony on federal constitutional grounds and, in the alternative, that the claim is without merit. Brown claims, *inter alia*, that although New York typically requires petitioners to cite to the United States Constitution in order to preserve a Sixth Amendment challenge to the preclusion of an alibi witness, the rule has not been uniformly enforced. We need not conclusively determine, however, whether Brown's claim is procedurally barred because we agree with respondent's second argument that the claim is without merit in any event.

■ The Appellate Division found that Brown's trial counsel acted willfully and sought a strategic advantage in providing untimely notice of his desire to present alibi witness testimony. Although the record is not well-developed, we conclude that this finding was not "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). Both parties knew prior to trial that five people were in the apartment with Brown moments after the burglary at issue. Counsel acknowledged to the trial court that he, or his investigator, had interviewed Darden in advance of Brown's second trial. Nevertheless, counsel clearly made a conscious choice prior to trial not to present alibi witness testimony because he raised the prospect of calling Darden only at the charge conference. Counsel also had not given alibi notice at Brown's first trial. It is clear that Brown's counsel made a strategic decision at both trials not to call Darden as an alibi witness. Counsel pursued a mis-identification defense at the first trial and, given that the first trial resulted in a hung jury, reasonably proceeded on the same theory at the second trial. Moreover, neither Brown nor his counsel has alleged that Darden changed her testimony between the time when she was first interviewed in advance of Brown's second trial and the time counsel sought to call her as a witness at the end

of that trial. Counsel's explanation that he had originally considered Darden not to be an alibi witness "in a very technical sense" is inherently implausible given that she would have provided an alibi even if she could account for Brown's whereabouts only at the time of the chase. In light of the foregoing, we think it was reasonable for the Appellate Division to conclude that trial counsel's decision was motivated by strategic considerations.

## II. *Ineffective Assistance*

■ We reject Brown's claim that the Appellate Division unreasonably applied *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), in denying his claim of ineffective assistance of counsel. We note initially that, taking into account that Brown's first trial—at which Brown did not testify and did not present alibi-witness testimony—resulted in a mistrial, Brown's trial counsel was in the best position to determine whether Darden's testimony would have materially helped Brown's chances of acquittal. Counsel's claim at the close of the government's case in Brown's second trial that Darden's testimony would be invaluable to Brown's defense is belied by counsel's earlier decision not to present Darden's testimony to the jury. Many reasons for such a strategic choice could have existed, including counsel harboring doubts about her credibility or fearing that Darden might have been perceived as a biased witness who was merely fabricating an alibi for Brown. "We will not normally fault counsel for foregoing a potentially fruitful course of conduct if that choice also entails a significant potential downside. Thus, a lawyer's decision not to pursue a defense does not constitute deficient performance if, as is typically the case, the lawyer has a reasonable justification for the decision...." *Greiner v. Wells,* 417 F.3d 305, 319 (2d Cir.2005) (internal cita-

tions, alterations, and quotation marks omitted). The Supreme Court noted in *Strickland* that "strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable," and that even strategic choices made after less than complete investigation do not amount to ineffective assistance if the known facts made it reasonable to believe that further investigation was unnecessary. 466 U.S. at 690–91, 104 S.Ct. 2052. The obvious flaw in Almanzar's identification made the foregoing of a potentially biased witness as strategic a choice as any counsel could make.

In light of the foregoing and the fact that a mis-identification defense had produced partial success at Brown's first trial, we find that it was at least reasonable for the Appellate Division, in considering the record before it, to conclude that counsel reasonably emphasized one defense over another after investigating the potential alibi defense.

For the foregoing reasons and those stated in our opinion filed today, the judgment of the district court is AFFIRMED.